### BARRETT & BARRETT v. WHEELER & HERALD.

1. **Instructions**: MUST BE CONFINED TO ISSUES. An instruction which is based on an assumed issue not raised by the pleadings is erroneous, and is ground for reversal when the appellant is prejudiced thereby.

2. **Evidence**: MUST BE CONFINED TO ISSUES: EXAMPLE. Where a written warranty is relied upon in the pleadings, evidence of a parol warranty cannot be allowed on the trial.

*Appeal from Pottawattamie Circuit Court.*

SATURDAY, JUNE 13.

ACTION to recover for cider sold and delivered, and for cash paid for printing, and for freight on the cider. The defendant denied the allegations of the petition, and pleaded that the cider was purchased in Council Bluffs, and was guarantied in writing to give satisfaction; that defendants relied thereon; and that the cider was of poor quality, unsalable, and not of the character guarantied. Trial by jury, verdict for defendants, and judgment thereon. The plaintiffs appeal.

*Smith, Carson & Harl*, for appellants.

*Geo. A. Holmes*, for appellees.

SEEVERS, J.—I. The evidence shows without contradiction that the defendants ordered the printing to be done, and the amount paid therefore by the plaintiffs. There is no issue or evidence tending to show that the printing was not of the character ordered, or

1. INSTRUCTIONS: must be confined to issues.

that it was valueless. The court instructed the jury that if the order " for the printing was made with reference to the order for the cider, and was so understood by the parties to the contract, and if the plaintiffs had performed their contract in regard to the cider, then the plaintiffs are entitled to recover for the printing also. But if you find from the evidence that plaintiffs ought not to recover for the cider, then they cannot recover for the printing bills." This instruction is erroneous, because there was no such issue. The plaintiffs simply allege that they had procured the printing to be done, and paid therefore at defendants request. This the latter denied. Under this issue, all the plaintiffs had to prove in order to recover was the request, and the amount paid by them for the printing. Under the issue, it was immaterial for what purpose or in what connection the printing was ordered.

II. It will be observed that the defendants pleaded that the cider was " guarantied in writing." Such a writing was introduced in evidence, but, against the objection of the plaintiffs, the court allowed the defendants to introduce evidence of a parol warranty. This ruling is erroneous. Having pleaded that the warranty was in writing, the plaintiff, it must be presumed, came prepared to meet that, and not a parol warranty. Therefore the parol evidence tending to prove a warranty was inadmissible. We cannot say that such evidence was not prejudicial, for the reason that it tended to show a more comprehensive guaranty than the writing.

*2. EVIDENCE: must be confined to issues.*

III. Counsel for the appellants contend that the verdict is not supported by the evidence, and is contrary to the instructions of the court, because the defendants knew that the cider was not such as it had been warranted to be, but that the same was sour and unfit for use when it was received, and that there had been no offer to rescind. We deem it unnecessary and improper to determine this question, which has an important bearing on the rights of the parties, because the evidence may not be the same on another trial.

REVERSED.